# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

United States of America,

          Plaintiff,

    vs.

Nathaniel Thomas Smith,

        Defendant,

Case No.: 3:25-CR-277

**DEFENDANT NATHANIEL SMITH'S SENTENCING MEMORANDUM**

## ATTORNEYS OF RECORD

**Defense Counsel**
Jamie L. Schaible
Attorney at Law
3431 4th Avenue S., Suite 201
Fargo, ND  58103
Tele: (701) 532-2498
E-Service: eservice@barkuslawfirm.com
jamie@barkuslawfirm.com

**Assistant U.S. Attorney**
Richard Lee
Assistant United States Attorney
District of North Dakota
655 1st Avenue N., Suite 250
Fargo, ND 58102
Tele: (701) 297-7400
richard.lee3@usdoj.gov

## RULE 32(F) COMPLIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, Attorney Schaible consulted with the Defendant, Nathaniel Thomas Smith, (herein after referred to as "Nathaniel"), regarding the Presentence Investigation Report (PSI), with U.S. Probation Officer, Noel Lehmkuhl-King, and AUSA Richard Lee.

## PROCEDURAL HISTORY

On December 30, 2025, an information was filed charging Nathaniel with count one: interference with commerce by robbery; and seven (7) counts of interstate transportation of stolen motor vehicle. [Docket No. 1]. The date range of the conduct was alleged to occur between August 29, 2025, until his arrest on September 11, 2025. Id. Attorney Jamie Schaible was appointed as Nathaniel's attorney, and an order of appointment was subsequently filed. [Dock No. 5].

On January 5, 2026, a plea agreement was filed indicating Nathaniel would plead guilty to the charges listed in the information. [Docket 2]. Because Nathaniel was held in state custody pending a guilty plea to his federal charges, a writ of habeas corpus ad prosequendum was issued. [Docket 13]. On January 29, 2026, Nathaniel appeared in federal court, waived his right to an indictment, and pled guilty to all eight (8) counts listed in the information. [Docket 14]. Nathaniel's sentencing hearing is scheduled for May 29, 2026 at 2:30 p.m.

## GUIDELINE RANGE CALCULATION

Following United States v. Booker, 543, U.S. 220 (2005) the Guidelines are advisory, not mandatory. A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. Id. at 47. The Court should consider all the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is reasonable. Id. at 49-50. In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the

nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006).

According to United States v. Francis, 462 F.3d 810 (8th Cir. 2006), courts in the Eighth Circuit Court of Appeals follow a three-step process when imposing a sentence. First, the court determines a proper sentencing guidelines range. Second, the court determines whether a departure is warranted under the guidelines. Third, the court looks to 18 U.S.C. § 3553(a) to determine if a variance is warranted.

When conducting this sentencing process, the court should be guided by the Supreme Court's holding in Rita v. United States, 551 U.S. 338 (2007). In Rita, the Supreme Court held that a sentencing court is to apply a sentence that is "sufficient, but not greater than necessary" to meet the sentencing goals laid out in § 3553(a). Id. Under Rita, the sentencing court may impose a sentence lower than the guidelines contemplate because the case does not fall within the "heartland" of cases to which the guidelines intended to apply, because the recommended sentence under the guidelines does not meet the goals of § 3553(a), or because the case warrants a lower sentence regardless of the guidelines. Id. Thus, a sentencing court is free to impose a sentence lower than the guidelines recommend in order to meet the goals of sentencing contemplated by § 3553(a) (stating factors such as age, education, mental condition, drug or alcohol addiction can now be considered by the sentencing court).

"A post-Booker sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then determining

whether any traditional guideline departures are warranted, and finally considering the possibility of varying from the guideline sentence based on the factors in § 3553(a). <u>United States v. Coyle</u>, 506 F.3d 680, 683 (8th Cir. 2007). The sequential ordering process was developed to maintain distinction between sentencing "departures" and "variances." <u>Id.</u> After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court may then consider a variance pursuant to 3553(a) factors.

In determining an appropriate sentence, the court in this case must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for – the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). In reviewing these factors, the court must impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing. <u>Id.</u>

<u>**BUREAU OF PRISON DESIGNATION**</u>

If this Court imposes a sentence of further incarceration, Nathaniel respectfully requests that the Court recommend placement at the Bureau of Prisons lowest-level security facility available. Nathaniel prefers a facility as close to North Dakota or Minnesota as possible so that his family may be able to see him. His preference would be a facility that could offer him further educational, vocational, and treatment options to better himself for his eventual release.

## FEDERAL BENEFITS

Nathaniel asks this Court to use its discretion and not deny him any federal benefits that may help him transition back to society as well as provide needed mental health care.

## CREDIT FOR TIME SERVED

Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences the date a defendant is received into custody. Thus, pursuant to 18 U.S.C. § 3585(a), it is respectfully requested that Nathaniel receive credit for the time he has already served.

Under 18 U.S.C. § 3585(b), a Defendant shall not be given credit toward his imprisonment for any time he spent in official detention prior to sentencing in the instant offense if it has been credited against another sentence. However, under USSG §5G1.3(b), a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under USSG §1B1.3(a), the Court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment. On September 11, 2025, Nathaniel was arrested for the instant offenses and held in state custody until he entered a guilty plea in federal court on January 29, 2026. Therefore, Nathaniel is requesting his sentence be adjusted to include the additional one hundred and forty (140) days he spent in state custody on his federal charges.

Dated: May 22, 2026.

        Respectfully submitted,

        BARKUS LAW FIRM, P.C.

        Jamie L. Schaible, ND ID#09855
        3431 4th Avenue South, Suite 201
        Fargo, North Dakota 58103
        Tele: (701) 532-2498
        Fax: (701) 298-9363
        Email: jamie@barkuslawfirm.com
        ATTORNEYS FOR DEFENDANT